# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | |
| John F. Miller, ) | |
| ) | |
| Debtor. ) | **Civil Action No. 18-108 Erie** |
| ) | |
| ) | **District Judge Susan Paradise Baxter** |
| JOHN F. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DANIEL EICHER, individually and ) | |
| d/b/a EICHER CONSTRUCTION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Pending in the above-captioned case is a motion by Daniel Eicher, individually and doing business as Eicher Construction (hereafter, "Eicher"), to withdraw reference of Adversary Proceeding No. 18-01009-JAD to the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court"). (See ECF No. 1). For the reasons stated below, the motion will be granted.

**I.     Background**

On September 26, 2017, Plaintiff John F. Miller ("Miller") filed a voluntary petition in the United States Bankruptcy Court for the Western District of Pennsylvania, seeking relief under Chapter 13 of the United States Code, 11 U.S.C. §§101 *et seq.* (hereafter, the "Bankruptcy Case"). *See* Bankr. No. 17-11015-TPA (Bankr. W.D. Pa.). Miller subsequently commenced the

instant adversary proceeding (hereafter, the "Adversary Proceeding") in the Bankruptcy Court.[1] *See* Bankr. No. 17-11015-TPA at Doc. No. 25.

As it relates to Eicher, Miller's operative pleading alleges the following. Miller hired Eicher in 2014 to perform certain improvements to Miller's residence in Crawford County, Pennsylvania. Amended Adversarial Compl. ¶¶8-11, Adversary Proceeding No. 18-01009 at Doc. No. 3. The parties agreed that Miller would pay a total of $32,755.00 for the work, with one-third of that amount (*i.e.* $10,918.33) to be paid up-front, one third to be paid when the work was half completed, and the remainder to be paid upon completion of the project. *Id.* ¶¶10-11. After making the first two payments, Miller advised Eicher that the work had not been performed in accordance with the terms of the parties' contract and that Eicher had failed to obtain inspections of his work, as required by the contract. *Id.* ¶¶16-17. After making arrangements on his own to have the work inspected, Miller was informed that the work was not up to code. *Id.* ¶¶18-19. Miller demanded that Eicher submit a remedial plan on or before February 1, 2015, but Eicher never responded. *Id.* ¶¶20-21. Miller then terminated Eicher's services, *id.* ¶22, and initiated his adversary proceeding on January 18, 2018. In his Amended Adversarial Complaint, Miller asserted claims against Eicher for breach of contract (Count I), breach of express warranty (Count II), breach of implied warranties (Count III), violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. §§201-1 *et seq.,* and Pennsylvania's Home Improvement Consumer Protection Act ("HICPA"), 73 Pa. Stat. Ann.

---

[1] The Adversary Proceeding was originally assigned to United States Bankruptcy Judge Thomas P. Agresti. Following Judge Agresti's recusal, the matter was reassigned to the Hon. Jeffery A. Deller. *See* Adversary Proceeding No. 18-01009, Doc. No. 30.

§§517.1, *et seq.* (Count IV), and rescission (Count V). *See* Amended Adversarial Compl. ¶¶23-46.[2]

Eicher filed his answer to the Amended Adversarial Complaint on February 23, 2018. *See* Adversarial Proceeding, Doc. No. 9. Therein, Eicher made a demand for a jury trial. *Id.*

On March 21, 2018, Eicher filed the instant motion to withdraw reference of the Adversary Proceeding. ECF No. 1. Mercer County State Bank, another defendant in the Adversary Proceeding, filed its response to the motion on April 23, 2018. No response was filed by Miller.

On September 18, 2018, this matter was transferred to the undersigned. Having reviewed all relevant filings, the Court now issues its ruling.

**II.     Discussion**

By statute, federal district courts possess original and exclusive jurisdiction over all cases under the Bankruptcy Code, and original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). The district court may, in turn, refer these proceedings to the bankruptcy court for disposition, *see* 28 U.S.C. §157(a), which is what has occurred in this judicial district pursuant to the Court's Standing Order dated October 16, 1984, and entitled "Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc."

---

[2] Miller allegedly borrowed funds from Mercer County State Bank (the "Bank") in order to finance the improvements to his home. Amended Adversarial Compl. ¶12; *id.* at Exs. B and C. In his operative pleading, Miller asserted claims against the Bank for breach of contract (Count VI), negligent loan origination (Count VII), negligent loan management (Count VIII), and statutory rescission (Count IX, inadvertently mislabeled "Count VII"), based on events arising out of his loan transaction. *See* Adversarial Compl. ¶¶47-76. Miller and the Bank have since negotiated a settlement of these claims. Accordingly, those claims form no basis of the Court's analysis herein and need not be discussed further.

3

Pursuant to 28 U.S.C. §157(d), a district court "may withdraw, in whole or in part, any case or proceeding" previously referred "for cause shown." Moreover, a district court "shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* Thus, the statute sets forth bases for withdrawal which are both mandatory and discretionary. *See In re Smalis,* Civil Action No. 15-1474, 2016 WL 1639673, at *1 (W.D. Pa. April 26, 2016).

In order for mandatory withdrawal of the reference to apply, three conditions must be met, *to wit*: "'1) the person seeking withdrawal must be a party to the proceeding; 2) the motion to withdraw the reference must be timely filed; and 3) resolution of the proceeding must require consideration of both the Bankruptcy Code and of non-bankruptcy federal statutes regulating interstate commerce.'" *In re Smalis,* 16 WL 1639673, at 1 (quoting *In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*, 245 B.R. 794, 805-06 (E.D. Pa. 2000)). Here, the third condition is absent, as Miller's adversary pleading raises only state law claims. Accordingly, mandatory withdrawal does not apply.

With respect to discretionary or permissive withdrawal, the Court must determine whether sufficient "cause" for withdrawal has been "shown." 28 U.S.C. §157(d). The United States Court of Appeals for the Third Circuit has held that five factors are relevant to this inquiry, namely: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. *See In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990). The party seeking to withdraw the reference bears the burden of demonstrating the propriety of withdrawal. *See In re Smalis,* 2016 WL 1639673, at *2 (citing

authority); *In re Princeton Alternative Income Fund, LP,* Civil Action No. 18-9894, 2018 WL 4854639, at *2 (D.N.J. Oct. 4, 2018).

As a preliminary matter, the Court notes that the dispute between the parties appears to be a non-core proceeding. *See In re Carpenter,* Civil Action No. 12-21, 2012 WL 5990222, at *3 (W.D. Pa. Nov. 30, 2012) (noting that "[d]etermining whether a proceeding is core or non-core is important in ruling on a motion to withdraw reference"). Certain types of proceedings are statutorily designated as "core proceedings," *see* 28 U.S.C. §157(b)(2), but none of those categories seemingly apply here. In addition, the Third Circuit Court of Appeals has stated that "a proceeding is core . . . if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 196 (3d Cir. 1999) (internal quotation marks and citations omitted). Such is not the case here, as Miller's pleading invokes only state law causes of action that could plainly arise outside the context of a bankruptcy case. *See In re Carpenter,* 2012 WL 5990222, at *3 ("[A] core proceeding would not exist independently of a bankruptcy proceeding.").

Importantly, "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to the case under [T]itle 11." *In re Princeton Alternative Income Fund, LP,* 2018 WL 4854639, at *1 (internal quotation marks and citation omitted) (alteration in the original). In a non-core proceeding, however, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court for *de novo* review and entry of a final judgment. *Id.* (citing authority). In addition, the bankruptcy court may conduct a jury trial with the "express consent of all the parties." *Id.* at *1 n.2 (quoting 28 U.S.C. §157(e)).

5

In this case, Eicher has demanded a jury trial on the claims set forth in Miller's Amended Adversarial Complaint. Moreover, Eicher has not consented to trial by the Bankruptcy Court. As a general matter, sufficient "cause" for discretionary withdrawal is not established by the mere fact that the movant demands a jury trial and has not consented to trial in the bankruptcy court. As the court explained in *In re Princeton Alternative Income Fund, LP*:

> That a district court will ultimately preside over the jury trial is insufficient to demonstrate cause because "there is no reason why the Bankruptcy Court may not preside over [the] [A]dversary [P]roceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial." *Youngman v. Hoffman*, No. 09-4330, 2009 WL 3260639, at *1 (D.N.J. Oct. 9, 2009) (citation omitted).

2018 WL 4854639, at *3. District courts confronted with these situations typically decline to withdraw the adversarial proceeding until the underlying dispute is trial-ready. *See id.* at *3 (allowing defendants to file a renewed motion to withdraw the reference "if or when a jury trial becomes necessary"); *see also GGC, LLC v. Indus. Risk Insurers (In re GGC, LLC),* Civil Action No. 06-881, 2006 U.S. Dist. LEXIS 69163, at *6-7 (endorsing the view that "[i]t is appropriate, efficient, and logical that withdrawal of the reference . . . can be deferred until the case is trial ready[,]" and denying the motion to withdraw without prejudice to be reasserted at such time); *In re Carpenter,* 2012 WL 5990222, at *4 ("Overall, the [*Pruitt*] factors suggest that not withdrawing the reference at this time is the proper course of action. However, Carpenter's right to a jury trial must be preserved. Therefore, the bankruptcy court is directed to conduct all pretrial proceedings, and to notify this court when the case is ready to proceed to trial.").

In this case, unlike those cited above, the Bankruptcy Court has presided over all pretrial proceedings to the point that the underlying Adversarial Proceeding is now apparently ready for trial. Accordingly, withdrawal of the reference at this juncture would not undermine the various interests outlined in the five *Pruitt* factors. On the contrary, doing so will preserve Eicher's Seventh Amendment right to a jury trial while also assisting in the resolution of Miller's

6

underlying bankruptcy proceedings.  Withdrawing the Adversary Proceeding from the Bankruptcy Court at this point will not impair uniformity in the administration of bankruptcy proceedings, encourage forum shopping, cause confusion, or interfere with the economical use of the parties' resources.  To the extent that the Court is required to consider the timing of the request for withdrawal, the Court notes that the request was originally made by Eicher at a relatively early point in the proceedings;[3] at this point, however, discovery has ended, no dispositive motions are pending, and a pretrial conference was held by the Bankruptcy Court on November 13, 2018.  As noted, the case appears to be trial ready.  The Court notes that, while Miller consented to having his claims heard by the Bankruptcy Court, he did not file any response in opposition to the pending motion for withdrawal of the reference.  Finally, the Court notes that Plaintiffs' claims against the Bank have been settled, making resolution of those claims in this Court unnecessary.

**III.    Conclusion**

Based upon the Court's consideration of all the foregoing factors, the Court will grant Eicher's motion to withdraw reference of the Adversary Proceeding to the Bankruptcy Court.

An appropriate order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

Dated:  December 20, 2018

---

[3] As noted, the case was originally assigned to a different District Judge and was transferred to the undersigned on September 18, 2018.